

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00035-CR

_____


RUSTY BOB BEENE, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22340


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Rusty Bob Beene appeals from the revocation of his community supervision, on his pleas of "true" to the State's allegations contained in its motion to revoke, for the underlying offenses of two counts of forgery of a financial instrument. *See* TEX. PENAL CODE ANN. § 32.21 (Vernon Supp. 2009). Beene was sentenced by the trial court to twenty-four months' confinement in a state-jail facility, a fine of $500.00, and restitution of $3,573.06.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (Vernon Supp. 2008); TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2009). Beene was represented at trial by a different, appointed, counsel than the one on appeal.

Beene's attorney has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Beene on August 3, 2009, informing Beene of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal. Beene has neither filed a pro se response, nor has he requested an extension of time in which to file such a response.

---

[1]Beene appeals three companion appeals, cause numbers 06-09-00035-CR, 06-09-00036-CR and 06-09-00037-CR, all decided this date, from the revocations of his community supervision of the offenses of forgery of a financial instrument, burglary of a building, and theft of property. The sentences are to run concurrently.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted:     October 14, 2009
Date Decided:       October 15, 2009

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Beene in this case. No substitute counsel will be appointed. Should Beene wish to seek further review of this case by the Texas Court of Criminal Appeals, Beene must either retain an attorney to file a petition for discretionary review or Beene must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.